IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21 C 4025 (No. 17 CR 446) |
| v. ) | |
| ) | |
| Charles Williams a/k/a Charlie Williams, ) | Hon. Virginia M. Kendall |
| (52460-424), ) | |
| ) | |
| Defendant-Movant. ) | |

**MEMORANDUM OPINION AND ORDER**

Movant Charles Williams[1] brings a 28 U.S.C. § 2255 motion challenging his conviction and sentence from *United States v. Williams*, No. 17 CR 446 (N.D. Ill.) (Kendall, J.). The Court denies the motion as untimely pursuant to 28 U.S.C. § 2255(f), and declines to issue a certificate of appealability.

**I.      The 28 U.S.C. § 2255 Motion is Untimely**

Williams pled guilty to one count of possession of a firearm as a felon, 18 U.S.C. § 922(g)(1), 924(a)(2). *United States v. Williams*, 946 F.3d 968, 970 (7th Cir. 2020). The Court sentenced him to 96 months' imprisonment, a year below the bottom of his Sentencing Guideline range. *Id*. The Seventh Circuit affirmed on direct appeal. *Id*. at 975. He now brings the instant § 2255 motion. The government argues, and Williams concedes, that § 2255 motion is untimely. Williams seeks to equitably toll the statute of limitations, but he does not qualify.

---

[1] Williams was prosecuted under the name "Charles Williams," while he uses "Charlie Williams" in the instant § 2255 motion. The Court uses "Charles Williams" in this case as that was "the name under which [he] was indicted and tried" and "the name for the bulk of the proceedings" here. *See United States v. Simmons*, 582 F.3d 730, 732 n.* (7th Cir. 2009).

1

Although Williams does not dispute that he filed his § 2255 motion after the one-year limitations period, for completeness purposes, this Court explains the lateness of his motion. Williams had one year to file his § 2255 motion. 28 U.S.C. § 2255(f). The one-year statute of limitations commences upon the latest of: (1) the date on which his judgment of conviction became final; (2) the removal of a government created unconstitutional impediment preventing him from filing his § 2255 motion; (3) the date a right asserted was initially recognized by the Supreme Court if the right is retroactive on collateral review; or (4) the date the facts supporting the claim could have been discovered through due diligence. *Id*. The parties agree that Williams's limitations period is governed by § 2255(f)(1) --- the date his conviction became final --- and the record does not suggest otherwise.

Under § 2255(f)(1), a conviction becomes final on direct appeal when either the Supreme Court affirms the conviction on the merits, denies a petition for a writ of certiorari, or the time for filing a certiorari petition expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). Applying § 2255(f)(1), the Seventh Circuit affirmed Williams's conviction and sentence on January 10, 2020. *Williams*, 946 F.3d 968, 970. A defendant has 90 days to bring a petition for a writ of certiorari before the Supreme Court following a ruling from the court of appeals, but a Justice has authority to extend the deadline for an additional 60 days. 28 U.S.C. § 2101(c); S. Ct. R. 13.1, 13.5. On March 19, 2020, the Supreme Court provided a blanket 60-day extension for all then-pending and future certiorari deadlines because of the COVID-19 pandemic. *See Miscellaneous Order of the Court 2019 Term*, 589 U.S. __, __ (Mar. 19, 2020), *available at*: https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf (last visited June 9, 2022). *See also United States v. Olguin*, 21-60484, 2022 WL 1117692, at *1 (5th Cir. Apr. 14, 2022) (per curiam) (non precedential order); *United States v. Garcia*, No. 2:17-CR-20024-PKH-MEF-3, 2022

WL 1146430, at *6 (W.D. Ark. Mar. 23, 2022). The Supreme Court later rescinded the extension policy in a separate order entered July 19, 2021. *See Miscellaneous Order of the Court 2020 Term*, 594 U.S. __, __ (July 19, 2021), *available at*: https://www.supremecourt.gov/orders/courtorders/071921zr_4g15.pdf (last visited June 9, 2022). *See also Garcia*, No. 2:17-CR-20024-PKH-MEF-3, 2022 WL 1146430, at *6.

Williams did not bring a petition for a writ of certiorari on direct appeal. As a result, his one-year limitations period under § 2255(f)(1), began on June 8, 2020, when the 150-day (original 90 day plus 60-day extension) period to file a certiorari petition expired. *Olguin*, 21-60484, 2022 WL 1117692, at *1; *United States v. Murdock*, No. 6:16-CR-60015-001 (E.D. Ark. Apr. 27, 2021); *Susinka v. United States*, 19 F. Supp. 3d 829, 836-37 (N.D. Ill. 2014). Williams had one year, until June 8, 2021, to bring his § 2255 motion.

In July 2021, Williams filed a motion for leave to file a late § 2255 motion before this Court. (Dkt. 1.) That filing does not have a proof of service, but it is dated July 21, 2021, and was filed on the docket on July 28, 2021. The document cannot be liberally construed to be a § 2255 motion because it does not allege any claims for relief, and it would still be untimely even if, for argument's sake, it could be considered as a § 2255 motion.

More fundamentally, the Court has no authority to grant a motion to file an out of time § 2255 motion. *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam). Williams's only permissible option was to file his § 2255 motion, which commences the case, and then litigate his timeliness arguments. *Ellzey v. United States*, 324 F.3d 521, 523 (7th Cir. 2003), *abrogated on other grounds by Mayle v. Felix*, 545 U.S. 644 (2005). Williams's motion to bring an untimely 28 U.S.C. § 2255 motion (Dkt. 1.) is denied.

3

Williams ultimately filed a § 2255 motion, but it was untimely. (Dkt. 5.) Under the prison mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988), his § 2255 motion was considered filed on August 6, 2021, (Dkt. 5, pg. 48.) but this too is after the June 8, 2021, statute of limitations deadline. The government is correct that Williams' § 2255 motion is untimely.

**II.     Equitable Tolling is Inapplicable in this Case**

Williams contends that equitable tolling excuses the untimeliness of his § 2255 motion. To obtain equitable tolling, he has the burden of demonstrating that: (1) he was diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way of making a timely filing. *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021) (internal citations omitted). The Court's evaluation of equitable tolling requires a fact specific inquiry taking a holistic view of the full set of circumstances faced by the prisoner. *Gray v. Zatecky*, 865 F.3d 909, 912 (7th Cir. 2017) (internal citations omitted).

Williams argues that a lack of law library access and limitations on movement throughout his prison due to lockdowns imposed in response to the COVID-19 pandemic qualify him for equitable tolling. (Dkt. 1, pg. 1.) He further claims that he both contracted COVID-19 in June 2020, and complications with his diabetes required him to have surgery on his foot and be hospitalized from July 24 to September 5, 2020. (Dkt. 1, pg. 1; Dkt. 7, pg. 3.) Upon his return to prison from the hospital, Williams asserts he was quarantined at his prison for 38 days, and then transferred to a new prison hospital where he was quarantined for an additional 17 days. (Dkt. 7, pg. 3.)

Williams concedes he could use a computer 30 minutes per day beginning in October 2020. *Id*. at 4. On December 2, 2020, the pandemic caused another lockdown preventing computer access according to Williams. *Id*. By January 2021, inmates were again allowed computer access

4

once a week. *Id*. In March 2021, the modified lockdowns imposed in January 2021, were lifted allowing prisoners to again access computers without restriction. *Id*.

Despite these alleged difficulties presented by the pandemic, Williams was actively litigating his *pro se* requests for compassionate release, 18 U.S.C. § 3582(c)(1)(A), in his criminal case while the § 2255 statute of limitations period was also pending. In April 2020, he brought his first compassionate release motion that the Court denied. No. 17 CR 446, Dkts. 79, 83. Undeterred, Williams brought a second release motion and responded to a prior government filing as to the first release motion in June 2020, but the Court rejected this request as well. *Id*. at 86, 88, 90.

Williams took no further actions regarding compassionate release until he wrote to the Court in a letter dated December 18, 2020, raising a third release request. *Id*. at 91. The December 2020 letter detailed his testing positive for COVID-19, his diabetes complications, hospitalization, and that he developed hypertension. *Id*. The December 2020 letter kicked off a number of filings by Williams over the next several months seeking release.

Following the Court's denial of Williams's third request for compassionate release, Williams filed a motion for reconsideration in March 2021, challenging alleged "untruths" by the government in its response to his motion. *Id*. at 95, 96. In April 2021, he both brought a notice of appeal as the denial of the prior release motions and filed his fourth motion for compassionate release. *Id*. at 101, 102. He filed a docketing statement and notice regarding his appeal in May 2021. *Id*. at 107, 108, 111. Finally, he filed a reply brief in support of his fourth motion for compassionate release, dated June 2, 2021. *Id*. at 114. His one-year limitations period for the instant § 2255 motion expired six days later on June 8, 2021.[2]

---

2 Following the June 8, 2021 date, Williams made seven additional filings renewing his compassionate release request and providing supporting argument over several months. No. 17 CR 446, Dkts. 116, 117, 119, 123, 125, 126, and

5

Williams does not qualify for equitable tolling of the § 2255 limitations period. First, he cannot demonstrate that he was diligently pursuing his rights as required to obtain equitable tolling. *Ademiju*, 999 F.3d at 477. To the contrary, the record shows that Williams single-mindedly focused on his compassionate release requests allowing his § 2255 motion to fall to the wayside. Only after losing multiple compassionate release motions and an accompanying appeal did he turn his attention to his § 2255 motion. Williams cannot demonstrate that he was diligently pursuing his rights as to the § 2255 motion. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005).

Equally, Williams cannot demonstrate that extraordinary circumstances stood in his way of making a timely filing in his § 2255 case. *Ademiju*, 999 F.3d at 477. His extensive compassionate release litigation while the § 2255 statute of limitations period was running shows there were no limits on his ability to pursue a timely § 2255 case. The record demonstrates that any alleged lockdowns, limitations on access to the law library or computers, health issues, the Pandemic, or similar issue had no impact on Williams's ability to pursue a timely § 2255 motion. *See Katz v. United States Dep't of Labor*, 857 F. App'x 859, 864 (7th Cir. Aug. 18, 2021) (non precedential) (rejecting equitable tolling argument invoking the COVID-19 Pandemic when party was able to file other documents without incident during the same period sought to be equitably tolled); *United States v. Washington*, No. 20 C 50300, 2021 WL 2222609, at *3 (N.D. Ill. June 2, 2021) (instructing that prisoner seeking to equitably toll § 2255 limitations period must demonstrate how "disruptions and delays due to COVID-19 prevented him from filing a timely motion."); *United States ex rel. Flowers v. Gaetz*, No. 09 C 1303, 2010 WL 529443, at *8 (N.D.

---

130. He also brought a *pro se* appellant's opening brief and reply brief in his appeal as to the denial of compassionate release requests, and the Seventh Circuit affirmed this Court's rejection of his prior release motions. *United States v. Williams*, No. 21-1740 (7th Cir. Mar. 1, 2022). This Court denied Williams' fifth motion for compassionate release in February 2022. No. CR 446, Dkt. 127. Williams's sixth motion for release became fully briefed on June 10, 2022. *Id*. at 132, 133.

6

Ill. Feb. 10, 2010) (noting that "it strains credulity to suggest that" a prisoner was "somehow incapable" of complying with a statute of limitations when he was actively litigating a different case *pro se* during the same time period).

At bottom, Williams chose to place all his chips on his compassionate release requests and as a result, ignored his § 2255 motion until it was too late. Williams is not entitled to equitable tolling. This case is dismissed as untimely.

## III. Denial of Certificate of Appealability and Notice of Appeal Rights

The Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Williams cannot make a substantial showing of the denial of a constitutional right and that the Court's resolution of the antecedent statute of limitations ruling was debatable or wrong. *Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-84 (2000); *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003)).

Williams is advised that this is a final decision ending his case in this Court. If he wishes to appeal, he must file a notice of appeal with this Court within sixty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(B)(i); *Morales v. Bezy*, 499 F.3d 668, 671 (7th Cir. 2007). He need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider the judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ.

P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

## IV. Conclusion

Williams's motion to bring an untimely 28 U.S.C. § 2255 motion (Dkt. 1.) is denied. The 28 U.S.C. § 2255 motion (Dkt. 5.) is dismissed as untimely. Any other pending motions are denied as moot. The Court declines to issue a certificate of appealability. The Clerk is instructed to enter a Rule 58 judgment in favor of the United States of America and against Williams. Case terminated.

ENTERED:

Dated: 6/21/2022

_____
VIRGINIA M. KENDALL
United States District Judge